ALFREDO LOPEZ
(Name)
CMC EAST (P.O. BOX 8101) (CELL 5299)
(Address)
SAN LUIS OBISPO, CA. 93409-8101
(City, State, Zip)
T-62317
(CDC Inmate No.)



# United States District Court
## Southern District of California

ALFREDO LOPEZ                                          )
(Enter full name of plaintiff in this action.)         )
                                                       )  '08 CV 0988 L RBB
                                Plaintiff,             )  Civil Case No. _____
                                                       )  (To be supplied by Court Clerk)
        v.                                             )
                                                       )
SUSAN PASHA                                            )  Complaint Under the
AND DOES (1 THRU 10)          ,                        )  Civil Rights Act
                              ,                        )  42 U.S.C. § 1983
                                                       )
_____,                       )
(Enter full name of each defendant in this action.)    )
                                Defendant(s).          )
                                                       )

## A. Jurisdiction

Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional authority, list them below.


## B. Parties

1. <u>Plaintiff</u>: This complaint alleges that the civil rights of Plaintiff, Alfredo Lopez
(print Plaintiff's name)
, who presently resides at CMC East (Cell 5299)
(mailing address or place of confinement)
P.O. Box 8101, San Luis Obispo, CA. 93409-8101 , were violated by the actions
of the below named individuals. The actions were directed against Plaintiff at Richard J.
Donovan C.F. 480 Alta Rd. San Diego on (dates) 3/10/06 , , and
(institution/place where violation occurred)    (Count 1)   (Count 2)   (Count 3)

2. <u>Defendants</u>: (Attach same information on additional pages if you are naming more than 4 defendants.)



Defendant SUSAN PASHA resides in San Diego,
(name)                                    (County of residence)
and is employed as a Nurse Practitioner. This defendant is sued in
                     (defendant's position/title (if any))
his/her ☒ individual ☒ official capacity. (Check one or both.) Explain how this defendant was acting under color of law: She was acting under the authority of the State of California.


Defendant N/A resides in ,
(name)                                    (County of residence)
and is employed as a . This defendant is sued in
                     (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law:


Defendant N/A resides in ,
(name)                                    (County of residence)
and is employed as a . This defendant is sued in
                     (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law:


Defendant N/A resides in ,
(name)                                    (County of residence)
and is employed as a . This defendant is sued in
                     (defendant's position/title (if any))
his/her ☐ individual ☐ official capacity. (Check one or both.) Explain how this defendant was acting under color of law:

**C. Causes of Action** (You may attach additional pages alleging other causes of action and the facts supporting them if necessary.)

Count 1: The following civil right has been violated:    RIGHT TO MEDICAL CARE WHICH VIOLATED PLAINTIFF'S EIGHTH AMENDMENT RIGHT
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 1. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 1.]

On March 10, 2006, I was housed in the Richard J. Donovan Correctional Facility (RJDFC) in San Diego, California. The institutional dentist, after performing dental work, prescribed ibuprofen up to 800 mg. every 4 hours. I ingested the ibuprofen as prescribed.

On April 05, 2006, twenty-five days after the dental visit, I consulted Ms. Susan Pasha, Nurse Practitioner, employed by the State of California, because I was feeling very tired and weak, suffering from dizziness, having severe stomach pain and defecating black stool. I told her that I had been taking ibuprofen for the past month. I asked her to please refer me to a physician based on the symptoms I was experiencing but she refused. Instead she prescribed aspirin for me to take. I suggested to her that maybe I should stop taking the ibuprofen and not take the aspirin until I consulted a physician. She replied that she understood my concerns and that the NSAIDS such as aspirin and ibuprofen when taken could cause problems. Yet she again refused my request to refer me to a physician and suggested that I take the aspirin. Relying on her expert medical judgment, I ingested the aspirin and ibuprofen in combination for 5 further days and aspirin without ibuprofen thereafter.

On May 03, 2006, I consulted Pasha for a second time and informed her that I was vomiting blood, defecating black stool, unable to sleep, feeling weaker day by day and passing red and bloody stool in conjunction with my defecation. She again refused my request to refer me to a physician or prescribe an alternate medication to the aspirin. Instead she renewed the aspirin prescription. Being frustrated, I left her office and did not know what else to do. Again I relied on her medical expert judgment and continued with the aspirin.

<u>Continued on Attached Page</u>

§ 1983 SD Form (Rev. 5/98)

3

::ODMA\PCDOCS\WORDPERFECT\22834\1

On May 31, 2006, and June 28, 2006, I saw Pasha again. On both occasions I again complained about my continuous vomiting of blood, defecating both black and red bloody stool, feeling weak and dizzy to a point of being practically unable to stand on my own as well as experiencing severe abdominal pain. Yet, she refused my repeated request to refer me to a physician, stop the aspirin treatment or alternatively prescribe a substitute. My symptoms worsened and I felt I was being tortured by her, both physically and mentally. I felt extremely depressed not knowing what to do.

On July 12, 2006, I saw Pasha again. She openly admitted that very likely it was the aspirin that was causing the bleeding and other complications. She discontinued the aspirin on that date.

On July 14, 2006, at the direction of Pasha, my blood was drawn for analysis.

On July 17, 2006, the results revealed that my blood was severely low in several categories.

On July 20, 2006, the pain was so excruciating and my health was rapidly deteriorating to a point that the institution transferred me, via ambulance, to the emergency room at Alvarado Hospital and Medical Center in San Diego, California. The emergency physician upon learning from me (that I was vomiting and defecating blood following ibuprofen and aspirin since March 10, 2006) and upon physically examining me, gave me a provisional diagnosis of a bleeding peptic ulcer. He also asked me as to why I was not sent there a lot sooner. My blood was drawn at the hospital for analysis and the results were more ominous than those that was recorded at RJDCF 3 days prior. I had to go through a battery of blood, urine, and stool tests, as well as contrast x-ray upper G.I. series, colonoscopy, esophageo-gastro-duodenoscopy with biopsy. I was diagnosed with a duodenal ulcer and given 2 units of packed red blood cells because of the loss of blood I had suffered. I was subsequently hospitalized for 6 days and during discharge given iron pills which caused me to be so constipated that I suffered a reoccurrence of hemorrhoids from straining to defecate, which to this day, I still suffer from and is currently awaiting hemorrhoidectomy surgery.

On July 25, 2006, I was discharged from Alvarado Hospital with discharge instructions by the physician to the medical staff at RJDCF to avoid giving me any further NSAIDS. Even after my return to RJDCF, I was still suffering from weakness and prostration.

On August 28, 2006, I saw Ms. Lindy L. Dugan, M.D., who had substituted Nurse Practitioner Pasha. She prescribed me Acetaminophen 500 mg. with directions to take 2 tablets every 8 hours. Dr. Dugan also informed me that she had replaced Pasha.

To this date I am still suffering from the complications of duodenal ulcer.

Count 2: The following civil right has been violated: _____N/A_____
(E.g., right to medical care, access to courts, due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts: [Include all facts you consider important to Count 2. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 2.]

Count 3: The following civil right has been violated: N/A
(E.g., right to medical care, access to courts,

due process, free speech, freedom of religion, freedom of association, freedom from cruel and unusual punishment, etc.)

Supporting Facts:   [Include all facts you consider important to Count 3. State what happened clearly and in your own words. You need not cite legal authority or argument. Be certain to describe exactly what each defendant, *by name*, did to violate the right alleged in Count 3.]

D. Previous Lawsuits and Administrative Relief

1. Have you filed other lawsuits in state or federal courts dealing with the same or similar facts involved in this case? ☐ Yes ☐ No.

§ 1983 SD Form
(Rev. 5/98)

5

::ODMA\PCDOCS\WORDPERFECT\22834\1

If your answer is "Yes", describe each suit in the space below. [If more than one, attach additional pages providing the same information as below.]

(a) Parties to the previous lawsuit:
Plaintiffs: Alfredo Lopez
Defendants: Unnamed Pharmacist, Cathe Fransdal, I. Choo, Kinji L. Hawthorne, Lindy L. Dugan, Susan Pasha.

(b) Name of the court and docket number: U.S. District Court, Southern District of California: Docket Number 3:07-cv-01905-DMS-LSP.

(c) Disposition: [For example, was the case dismissed, appealed, or still pending?] Case dismissed with prejudice.

(d) Issues raised: Plaintiff received inadequate medical care which violated his eighth Amendment Constitutional right.

(e) Approximate date case was filed: October 2007
(f) Approximate date of disposition: April 15, 2008

2. Have you previously sought and exhausted all forms of informal or formal relief from the proper administrative officials regarding the acts alleged in Part C above? [E.g., CDC Inmate/Parolee Appeal Form 602, etc.] ? ☒ Yes ☐ No.

If your answer is "Yes", briefly describe how relief was sought and the results. If your answer is "No", briefly explain why administrative relief was not sought.

A CDCR Inmate 602 was filed on September 17, 2006 in regards to this complaint. It was partially granted. Because I was dissatisfied with the administrative response, the 602 was appealed to the Inmate Appeals branch. This concluded the level of exhaustion within the Department of Corrections and Rehabilitation.

### E. Request for Relief

Plaintiff requests that this Court grant the following relief:

1. An injunction preventing defendant(s):

2. Damages in the sum of $ 500,000 (Compensatory)

3. Punitive damages in the sum of $ 5,000,000

4. Other: As the Court deems fit

### F. Demand for Jury Trial

Plaintiff demands a trial by ☒ Jury ☐ Court. (Choose one.)

### G. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 1983 Prisoner cases filed in this district, the Court has adopted a case assignment involving direct assignment of these cases to magistrate judges to conduct all proceedings including jury or bench trial and the entry of final judgment on consent of all the parties under 28 U.S.C. § 636(c), thus waiving the right to proceed before a district judge. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to utilize this efficient and expeditious program for case resolution due to the trial judge quality of the magistrate judges and to maximize access to the court system in a district where the criminal case loads severely limits the availability of the district judges for trial of civil cases. Consent to a magistrate judge will likely result in an earlier trial date. If you request that a district judge be designated to decide dispositive motions and try your case, a magistrate judge will nevertheless hear and decide all non-dispositive motions and will hear and issue a recommendation to the district judge as to all dispositive motions.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including trial, and the entry of final judgment by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

5-28-08
Date

Signature of Plaintiff

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I (a) PLAINTIFFS**

Alfredo Lopez

FILING FEE PAID
Yes ___ No ✓

IFP MOTION FILED
Yes ___ No ✓

COPIES SENT TO:
Court ✓  Pro Se ___

**DEFENDANTS**

Pasha, et al

FILED
JUN - 2 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** San Luis Obispo
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Alfredo Lopez
PO Box 8101
San Luis Obispo, CA 93409
T-62317

**ATTORNEYS (IF KNOWN)**

'08 CV 0988 L RBB

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

42 U.S.C. 1983

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury- Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | ☐ 862 Black Lung (923) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectmant | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☒ 550 Civil Rights | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):   JUDGE                                         Docket Number

DATE   6/2/2008          SIGNATURE OF ATTORNEY OF RECORD
                         R. Meller

CR